IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

THOMAS GAVIN                                                                                    PLAINTIFF

v.                                    Case No. 6:19-cv-6036

PAUL ACALEY;
and JANSSENS MOTOR EXPRESS
D/B/A JMX, INC.                                                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Janssens Motor Express D/B/A JMX, Inc.'s ("JMX") Motion for Partial Summary Judgment. (ECF No. 12). Plaintiff Thomas Gavin has not responded to the motion, and the time to do so has passed. The Court finds this matter ripe for consideration.

## BACKGROUND

This is a negligence action arising out of a March 9, 2016, automobile accident that occurred in the parking lot of a rest area on Interstate 30 in Hot Spring County, Arkansas. The accident involved a truck driven by Plaintiff and a truck driven by Defendant Paul Acaley. Plaintiff sues to recover on injuries allegedly sustained during the accident.

Plaintiff brought an individual negligence claim against Acaley. Plaintiff further alleges that Acaley was acting as JMX's agent at the time of the accident, and thus, that JMX is vicariously liable for Acaley's alleged negligence. Plaintiff has also brought individual claims against JMX for negligent training and supervision. JMX has admitted that Acaley was acting as its agent at the time of accident and concedes that it is vicariously liable for any negligence on Acaley's part.

On October 21, 2019, JMX filed its Motion for Partial Summary Judgment and supporting documents (ECF Nos. 12-14), arguing that it is entitled to summary judgment on Plaintiff's negligent training and supervision claims. Specifically, JMX contends that under Arkansas law,

when a principal such as JMX admits to vicarious liability for the acts of its agent, a plaintiff is barred from pursuing individual claims against the principal, such as negligent hiring, training, and supervision. Plaintiff did not respond to the motion, and his time to do so expired on November 5, 2019.

Local Rule 7.2(b) of the United States District Courts for the Eastern and Western District of Arkansas provides a fourteen-day period for nonmoving parties to respond to a summary judgment motion. Federal Rule of Civil Procedure 56(e) states that a court may deem undisputed a party's asserted fact if it is not properly controverted by the other party pursuant to Rule 56(c). Similarly, Local Rule 56.1(c) states that all material facts asserted in the moving party's statement of facts shall be deemed admitted if they are not controverted by the nonmoving party's own statement of facts. Federal Rule of Civil Procedure 56(c)(1) provides that a party asserting a genuine dispute of material fact must support the assertion by either citing to materials in the record or by showing that the cited materials do not establish the absence or presence of a genuine dispute.

As noted above, Plaintiff did not respond to JMX's Motion for Partial Summary Judgment or dispute any of JMX's asserted facts within time prescribed by Local Rule 7.2(b). Therefore, all facts asserted in JMX's statement of facts are deemed admitted for the purpose of deciding the instant motion. *See Chaffin v. City of Fort Smith*, No. 05-cv-2061 JLH, 2005 WL 3805977, at *1 (W.D. Ark. Oct. 19, 2005).

**LEGAL STANDARD**

"Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Hess v. Union Pac. R.R. Co.*, 898 F.3d 852, 856 (8th Cir. 2018) (citation omitted). Summary judgment is a "threshold inquiry of . . . whether there is a need for trial—whether, in other words, there are genuine factual

issues that properly can be resolved only by a finder of fact because they reasonably may be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is material only when its resolution affects the outcome of the case. *Id.* at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id.* at 252.

In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Co-Op*, 446 F.3d 841, 845 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). However, a party opposing a properly supported summary judgment motion "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

**DISCUSSION**

**I. The *Elrod* Rule**

In *Elrod v. G &R Construction Company*, the Arkansas Supreme Court held that when a principal admits that it can be held vicariously liable for the acts of its agent, a plaintiff cannot pursue additional negligence theories such as negligent entrustment, negligent hiring, or negligent retention. *See* 275 Ark. 151, 154, 628 S.W.2d 17, 19 (affirming dismissal of claims for negligent entrustment when employer admitted to vicarious liability); *see also Perry v. Stevens Transp., Inc.*, No. 3:11-CV-48 JLH, 2012 WL 2805026, at *6 (E.D. Ark. July 9, 2012) (applying *Elrod* to negligent hiring, training, supervision, and retention claims). The only exception to the *Elrod* rule

3

arises when a plaintiff has asserted a valid claim for punitive damages or a claim regarding the principal's policies and procedures. *McLane v. Rich Transp., Inc.*, No. 2:11-CV-101KGB, 2012 WL 3257658 *5-6 (E.D. Ark. Aug. 9, 2012).

The Court agrees that *Elrod* is controlling in this case. JMX has admitted that Acaley was acting as its agent and that it can be held vicariously liable for Acaley's alleged negligence. Plaintiff has also not brought a claim for punitive damages or a claim based on JMX's policies and procedures. Accordingly, Plaintiff's individual negligence claims[1] against JMX should be dismissed.

## CONCLUSION

For the reasons above, the Court finds that JMX's Partial Motion for Summary Judgment (ECF No.12) should be and is hereby **GRANTED**. Accordingly, Plaintiff's individual negligence claims against JMX are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 8th day of November, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[1] Plaintiff's asserted individual negligence claims against JMX are based on alleged failures in training and supervision: (1) alleged failure to train and qualify Acaley to operate a vehicle; (2) alleged failure to investigate Acaley's driving history; and (3) alleged failure to perform an annual review.